SMITH v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-300-CR

JAMES LARRY SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Larry Smith appeals his conviction for assault causing bodily injury to a family member.  The jury found Appellant guilty, and the trial court sentenced Appellant to 365 days’ confinement.  The trial court suspended his sentence and placed him on community supervision for a period of twenty-four months.  In four points, Appellant asserts that the trial court erred by allowing a police officer to testify regarding the complainant’s answers to questions implicating Appellant, by allowing the officer to testify about statements made by the complainant regarding past alleged assaults by Appellant, and by denying Appellant’s motion for directed verdict, and that the evidence was not sufficient to prove beyond a reasonable doubt that Appellant was guilty.

FACTUAL BACKGROUND

At approximately 4:45 a.m. on December 22, 2004, Officer Ronnie Morris responded to a call from the dispatcher regarding a family disturbance in Grand Prairie, Texas.  He arrived at the location and found a female, Nora Smith, sitting in a car and crying uncontrollably.  Officer Morris noticed injuries to her neck and forehead.  Smith informed Officer Morris that her husband, Appellant, had come home drunk and upset, and he went into the bedroom and threw things around the room in a rampage.  She told Officer Morris that he grabbed her by the head and slammed her head into the wall.

Officer Morris went to the apartment to locate Appellant.  Appellant was inside the bedroom with the door locked.  Officer Morris knocked on the door several times in an attempt to get Appellant out of the bedroom.  Smith informed Officer Morris that Appellant kept several guns in the apartment, so Officer Morris called for backup.  Smith gave Officer Morris and the backup officer, Officer Donahue, permission to kick the door open because Appellant would not open the bedroom door.  After a third officer arrived, the officers kicked in the door and saw Appellant lying under the blankets.  Appellant would not respond to the officers’ questions, so Officer Morris arrested Appellant for assault family violence causing bodily injury.  The arrest came in spite of Smith’s request that Officer Morris not arrest Appellant.

SUFFICIENCY OF THE EVIDENCE

In his third point, Appellant contends that the trial court erred in denying his motion for a directed verdict.  In his fourth point, Appellant contends that the evidence was factually insufficient to support his conviction.

1. Standards of Review

A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence. 
 McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997)
; 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.  

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.  Applicable Law

The information charged Appellant with “intentionally or knowingly caus[ing] bodily injury to Nora Smith, a member of [Appellant’s] family or household, by grabbing her head with his hands and slamming her head against a wall.”  A person commits an assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse.  
Tex. Penal Code Ann.
 § 22.01 (Vernon Supp. 2005).  Bodily injury is defined as physical pain, illness, or impairment of physical condition.  
Tex. Penal Code Ann.
 § 1.07 (Vernon Supp. 2005). This definition is purposefully broad and seems to encompass even relatively minor physical contact so long as it constitutes more than mere offensive touching.  
Lane v. State
, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

3. Discussion

Appellant contends that the evidence is insufficient to show that Smith suffered bodily injury because there is no evidence that she was in pain or that she suffered from a physical impairment.  Appellant asserts that the fact that Smith was crying when Officer Morris arrived is not evidence that she was in pain.  Although Smith was crying uncontrollably when Officer Morris arrived, he acknowledged that Smith had never told him why she was crying.  It is not necessary that the alleged victim testify that she experienced pain; the trier of fact may draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries.  
See
 
Bolton v. State
, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (evidence of cut sufficient to show bodily injury); 
Arzaga v. State
, 86 S.W.3d 767, 778-79 (Tex. App.—El Paso 2002, no pet.) (swelling and bruising of lips sufficient to show bodily injury); 
Goodin v. State
, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref’d) (bruises and muscle strain sufficient to show bodily injury). Officer Morris testified that he observed raised red marks on Smith’s neck and forehead. According to Officer Morris, the injuries sustained by Smith appeared to be recent and consistent with assault.  Officer Morris stated that he assumed that the injury to her forehead was caused by Appellant slamming Smith’s head into a wall because she told him that had happened.  Officer Morris testified that Smith’s physical appearance was impaired by the marks that were on her forehead and neck, and he opined that it would obviously be painful to have these injuries.

Appellant asserts that Officer Morris could not have known whether Smith suffered from a physical impairment because Officer Morris testified that he had never seen Smith before, and thus, he could not have known whether her physical appearance was impaired.  Appellant’s assertion discredits the fact that Officer Morris testified that Smith told him that Appellant had slammed her head against the wall.  Additionally, according to Officer Morris, the injury to her forehead appeared to have recently occurred.  A jury could rationally infer that Appellant caused the raised red marks to appear on her forehead at the time he slammed her head against the wall, and thus, infer that the marks would not have been there prior to that point.

We hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that Appellant caused bodily injury; therefore, we overrule Appellant’s third point.  Additionally, when viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.  Accordingly, we overrule Appellant’s fourth point.

HEARSAY

In his first point, Appellant asserts that the trial court erred by allowing Officer Morris to testify regarding hearsay statements made to him by Smith upon his arrival at the scene.  The State asserts that the statements made by Smith to Officer Morris were admissible as excited utterances and that they were not testimonial within the meaning of 
Crawford v. Washington
, 541 U.S. 36, 124 S. Ct. 1354 (2004).  

We review a trial court’s determination of whether evidence is admissible under the excited utterance exception for an abuse of discretion.  
Wall v. State
, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion, and we will not reverse a trial court’s ruling, unless the ruling falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Appellate review of whether an out-of-court statement passes muster as an “excited utterance” and whether it is “testimonial hearsay” in nature is a two-fold process.  An inquiring court must first determine whether the statement qualifies as an excited utterance, and if not, the inquiry ends.  
Wall
, 184 S.W.3d at 741.  If the statement does qualify as an excited utterance, the court then must look to the attendant circumstances and assess the likelihood that a reasonable person would have either retained or regained the capacity to make a testimonial statement at the time of utterance.  
Id.
  We perform a de novo review of whether the statement is testimonial in nature.  
Id.
 The issue of whether the statement is an excited utterance depends largely upon the subjective state of mind of the declarant at the time of the statement, whereas the legal issue of whether an out-of-court statement is “testimonial” under 
Crawford
 depends upon the perceptions of an objectively reasonable declarant.  
Id
. at 742-43.  

Appellant complains of the following testimony of Officer Morris:

Ms. Smith told me that her husband had come home drunk and was upset about something.  She didn’t know exactly what it was he was upset about.  He went into the bedroom and throwing things around the room in a rampage.  And at some point in time while that’s happening, he turned his anger towards her.  And she stated that he grabbed her by the head and slammed her head into the wall.  And then after he did that, he threw her out of the bedroom and locked the door behind her. 

1. Excited Utterance

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. 
Tex. R. Evid.
 801(d). In order for hearsay to be admissible, it must fit into an exception provided by a statute or the Rules of Evidence.
  Tex. R. Evid.
 802. One such exception is Rule 803(2), the excited utterance exception.  An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.  
Tex. R. Evid.
 803(2).  

In determining whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question.  
Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).   However, it is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception.  
Id.
 at 596.  The critical determination is “whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event” or condition at the time of the statement.  
Id.
  

Here, Officer Morris testified that he responded to a call at 4:45 a.m., and  once he was dispatched, it took approximately two minutes to arrive at the scene.  When he first saw Smith, he noticed that she was crying uncontrollably, and he calmed her down to the point where he could “at least somewhat understand” what she was trying to tell him.

Appellant complains that there was no testimony regarding the amount of time that had lapsed between the time of the alleged assault and the time Officer Morris arrived at the scene.  The passage of time is a consideration for the court, but the fact that a period of time has passed since the occurrence of the event is not dispositive; rather, the determination is based on whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event at the time the declarant makes the statement.  
Id
. at 595.  A reasonable person could conclude that Smith made the statement while under the excitement, fear, or pain of the event at the time she made the statement.  Accordingly, we hold that the trial court did not abuse its discretion by allowing the evidence because it was admissible under the excited utterance exception. 

2.  Testimonial in Nature

In 
Crawford
, the Supreme Court held that the admission of a hearsay statement made by a non-testifying declarant violates the Sixth Amendment if the statement was testimonial and the defendant lacked a prior opportunity for cross-examination.  
Crawford
, 541 U.S. at 68, 124 S. Ct. at 1374.  Thus, a “testimonial” statement is inadmissible absent a showing that the declarant is presently unavailable and the defendant had a prior opportunity for cross-examination, even if the statement “falls under a ‘firmly rooted hearsay exception’ or bears ‘particularized guarantees of trustworthiness.’”  
Id.
 at 58-60, 68, 124 S. Ct. at 1368-69, 1374 (quoting 
Ohio v. Roberts
, 448 U.S. 56, 66, 100 S. Ct. 2531, 2539 (1980)). 

Generally, statements that are made to police while the declarant is still in personal danger are not made with consideration of their legal ramifications because the declarant usually speaks out of urgency and a desire to obtain a prompt response; thus, those statements will generally not be deemed testimonial.  
Wall
, 184 S.W.3d at 742.  After the immediate danger has dissipated, however, a person who speaks while still under the stress of a startling event is more likely to comprehend the larger significance of his other words.  
Id.
  Thus, if the record fairly supports a finding of comprehension, the fact that the statement also qualifies as an excited utterance will not alter its testimonial nature.  
Id.
  

No evidence exists in the record to suggest that Smith had retained the capacity to make a testimonial statement at the time she made the initial statement to Officer Morris of which Appellant complains; nor does any evidence exist to suggest that a reasonable person in Smith’s shoes would have regained the capacity to make a testimonial statement.  
See id.
 at 741.  Smith made the statement to Officer Morris when he first approached her.  He had just arrived on the scene, and she was crying uncontrollably.  It is apparent from the record that she was concerned with her own safety and was speaking out of a desire to obtain a prompt response.  Additionally, Smith was aware that Appellant kept rifles in the apartment.  There is no evidence to suggest that a reasonable person who had just had her head slammed into the wall would have regained the capacity to make a testimonial statement because the declarant would likely be speaking out of urgency and a desire to receive a prompt response.  Accordingly, we hold that the statements were not testimonial in nature, and thus, the trial court did not err in admitting the statements.  We overrule Appellant’s first point.

TESTIMONY REGARDING PAST INCIDENTS

In his second point, Appellant contends that the trial court erred in allowing Officer Morris to testify to hearsay statements made by Smith regarding previous assaults that Appellant allegedly committed without allowing Appellant to testify that he has never been accused of this behavior.  The State asserts that Appellant has waived this point. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).  This rule applies whether the other evidence was introduced by the defendant or the State.  
Leday
, 983 S.W.2d at 718.  Even the constitutional right to confront witnesses may be waived if not properly asserted.  
Paredes v. State
, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

Appellant complains that the trial court allowed Officer Morris to testify to Smith’s statement that Appellant had previously assaulted her on multiple occasions and had broken her finger during one such assault.  He also complains about Officer Morris’ testimony that Smith informed him that she had never called the police about those prior assaults and that she was afraid of what Appellant might do if he were to be released from jail.  Appellant objected to both of those statements on the basis of hearsay and the right of confrontation.

However, prior to the admission of this testimony, Officer Morris testified without objection that Smith informed him that she had never called the police on Appellant before and she thought that by calling the police on him this time, he would end up injuring her more severely than he had in the past.  During Appellant’s cross-examination of Officer Morris, Officer Morris testified that Smith had asked him not to take Appellant to jail because she was worried that he would get out before she could get her things and leave and assault her more severely than he had assaulted her in the past.  He also testified that he that was unaware of any instances in which Smith had called the police reporting  domestic violence.

Appellant made no objection to either of these instances where Officer Morris testified regarding his past acts.  Because the evidence of which Appellant complains was received without objection before the complained-of ruling, Appellant has forfeited this complaint on appeal.  
See 
Tex. R. App. P.
 33.1(a)(1)
; 
Leday
, 983 S.W.2d at 718.  Accordingly, we overrule his second point. 

CONCLUSION

Having overruled Appellant’s four points, we affirm the trial

court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: JUNE 15, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.